**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KYLE DUNLAP,**

       **Petitioner,**

       **v.**

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

       **Case No. 2:21-cv-05849**
       **Chief Judge Algenon L. Marbley**
       **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding with the assistance of counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22–05. Pending before the Court are the Petition and its attachments (Doc. 1); Respondent's Return of Writ (Doc. 5); and the state court record (Doc. 4). Also before the Court are supplemental exhibits filed by Respondent. (Docs. 15, 20.) Petitioner did not file a Reply. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**.

The Undersigned further **RECOMMENDS** that the Court decline to issue a certificate of appealability ("COA").

**I.**     **Procedural History**

The record reveals the following relevant procedural history. On October 4, 2018, Petitioner was indicted by a grand jury in the Court of Common Pleas for Licking County, Ohio. (Doc. 4, PageID # 49–52.) In that indictment ("the original indictment") Petitioner was charged

with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of Ohio Revised Code § 2925.041(A)(C), and two counts of the illegal manufacture of drugs or illegal cultivation of marijuana in violation of Ohio Revised Code § 2925.04(A)(C)(5)(e). (*Id*.) All three counts constituted second degree felonies. (*Id*.) The original indictment also included four forfeiture specifications. (*Id*.) On October 23, 2018, Petitioner pleaded not guilty to the charges in the original indictment. (*Id*., PageID # 55.)

On April 17, 2019, Petitioner was charged in a superseding indictment for one count of illegal manufacture of drugs or illegal cultivation of marijuana in violation of Ohio Revised Code § 2925.04(A)(C)(5)(f), a felony of the first degree; one count of trafficking in marijuana in violation of Ohio Revised Code § 2925.03(A)(2)(C)(3)(g), a felony of the first degree; one count of possession of marijuana in violation of Ohio Revised Code § 2925.11(A)(C)(3)(g), a felony of the second degree; three counts of endangering children in violation of Ohio Revised Code § 2919.22(A), a first degree misdemeanor; and one count of permitting drug abuse in violation of Ohio Revised Code § 2925.13(B), a felony of the fifth degree. (*Id*., PageID # 57–63.) The superseding indictment also included five forfeiture specifications and one firearm specification. (*Id*.)

On May 16, 2019, Petitioner moved the state trial court to accept his guilty pleas to the charges in the original indictment and to dismiss the superseding indictment. (*Id*., PageID # 69–76.) After the prosecution opposed Petitioner's motion (*id*., PageID # 78–86), and Petitioner filed a reply in support (*id*., PageID # 88–92), the parties apparently negotiated a plea agreement. Specifically, Petitioner agreed to plead guilty to the three counts in the original indictment and the prosecution agreed to defer at sentencing and to refrain from arguing that a statutory presumption in favor of a prison term would apply. (*Id*., PageID # 98). On August 13, 2019, the

prosecution moved to dismiss the superseding indictment, indicating that Petitioner would be "pleading to the original indictment." (*Id*., PageID # 94.)  The state trial court granted the prosecution's motion and dismissed the superseding indictment. (*Id*., PageID # 96.)

The Court of Appeals for Ohio's Fifth District summarized the relevant events that took place thereafter.

> {¶4} On August 13, 2019, Appellant entered a plea of guilty to Counts One, Two, and Three to the [original] indictment. After accepting Appellant's guilty plea, the trial court proceeded to sentencing. Trial counsel for Appellant referenced Appellant's efforts to assist investigators by proffering information to the Central Ohio Drug Enforcement Task Force ("CODE") in hopes to mitigate the sentence.

> {¶5} When asked for a recommendation, the prosecuting attorney stated he didn't "believe that there was any cooperation with the Central Ohio Drug Enforcement Task Force. I don't believe that the individual that he mentions being in the county jail had anything to do with anything that was provided by this Defendant."

> {¶6} The trial court then sentenced Appellant to an eight-year mandatory prison term.

> {¶7} Thereafter, Appellant filed Appellant's Motion to Withdraw Plea. In an Affidavit to support the motion, Appellant asserts that his trial counsel assured him it was overwhelmingly likely that he would be placed on probation if he entered a plea of guilty to the original indictment. Counsel predicted there was a 99% likelihood that Appellant would be placed on probation and that any period of incarceration would not exceed sixty days of local jail time. Affidavit further asserts trial counsel told Appellant he had spoken to the judge the previous day, who had remarked that trial counsel must have been pleased that the case was resolving in the manner he hoped it would.

> {¶8} The trial court denied Appellant's Motion to Withdraw Plea, finding that the Appellee's statements at sentencing were made to correct the record, and there was no breach of the parties' plea agreement. The court also noted that the comments did not affect the sentence imposed. The trial court found the Appellant failed to demonstrate that a plea withdrawal was necessary to prevent manifest injustice, and that Appellant failed to provide sufficient evidentiary support to justify conducting an evidentiary hearing.

*State v. Dunlap*, No. 2020 CA 00029, 2020 WL 5413600, at *1 (Ohio Ct. App. Sept. 9, 2020);

(Doc. 4, PageID # 158-59.)

The state trial court denied Petitioner's motion to withdraw his guilty plea on February 25, 2020.  (Doc.1, PageID # 20.)  Petitioner appealed that determination to the state appellate court and raised the following three assignments of error:

> {¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO BREACH OF THE PLEA AGREEMENT BETWEEN THE PARTIES AND THAT APPELLANT WAS NOT ENTITLED TO SPECIFIC PERFORMANCE OF THE PARTIES' AGREEMENT OR WITHDRAWAL OF HIS GUILTY PLEA, IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
>
> {¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHERE SAID PLEA WAS ENTERED INVOLUNTARILY AND IN REASONABLE RELIANCE ON HIS FORMER ATTORNEY'S ASSURANCES THAT A GUILTY PLEA WOULD RESULT IN A SENTENCE MORE LENIENT THAT THE SENTENCE IMPOSED.
>
> {¶12} "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA, IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS."

*Dunlap*, 2020 WL 5413600, at *2; (Doc. 4, PageID # 159-60.)

On September 9, 2020, the state appellate court overruled Petitioner's three assignments of error and affirmed the state trial court's decision.  *Id*. at * 3, 4, 5; (PageID # 160-67.)  On October 26, 2020, Petitioner filed an appeal in the Ohio Supreme Court and raised the following issue for review:

> A criminal defendant's Due Process rights are violated when a trial court fails to hold an evidentiary hearing when a motion to withdraw a guilty plea alleges facts which establish that his plea of guilty was entered in reliance on the erroneous representation of counsel, thereby rendering the plea involuntary.

(Doc. 4, PageID # 170–71, 173–86.)  On January 27, 2021, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal with three Justices dissenting.  *State v. Dunlap*, 2020-1287, 161 Ohio St.3d 1416 (Ohio S.Ct. 2021); (Doc. 4, PageID # 200.)

On December 20, 2021, Petitioner, with the assistance of counsel, sought a writ of habeas corpus pursuant to 28 U.S.C § 2254. (Doc. 1.) In his petition, he raises the following ground for relief:

> When the facts establish a defendant entered guilty pleas based upon erroneous representations by trial counsel, rendering the plea involuntary, Due Process requires an evidentiary hearing.

(*Id*., PageID # 6.) In addition, he alleges, in passing, that "Ohio's adjudication of this issue resulted in a decision that was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Libretti v. United States*, 516 U.S. 29, 50–51 (2995) [*sic*]; and *Santobello v. New York*, 404 U.S. 257 (1971). (*Id*., PageID # 19.)

## II.    Standard of Review

The Sixth Circuit Court of Appeals recently discussed the appropriate standard of review for habeas claims brought by state prisoners in *Stermer v. Warren,* 959 F.3d 704, 720–22 (6th Cir. 2020). "Petitions for habeas corpus brought by state prisoners are subject to 28 U.S.C. § 2254, the modern version of which comes from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Id*. at 720 (citing *Northrop v. Trippett*, 265 F.3d 372, 376 (6th Cir. 2001); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999)). "AEDPA requires habeas petitioners to exhaust their claims in state court before turning to a federal court for relief." *Id*. (citing 28 U.S.C. § 2254(b)(1)). "And if a state court decides a claim on the merits, that decision is subject to significant deference." *Id.* (citations omitted).

"For a federal court to grant relief in such a case, the state court's decision must have been '(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.'" *Id.* at 720–21 (quoting 28 U.S.C. § 2254(d)). "Under these rules, a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 721 (citations and internal quotation marks omitted). "This deference applies even when the state court fails to explain its reasoning, in which case 'the federal court 'must determine what arguments or theories . . . could have supported the state court's decision'" and afford those theories AEDPA deference." *Id.* (quoting *Sexton v. Beaudreaux*, ––– U.S. ––––, 138 S. Ct. 2555, 2558, 201 L.Ed.2d 986 (2018) (per curiam) (alteration in original) (quoting *Harrington v. Richter*, 562 U.S. 86, 102, (2011)). "Furthermore, 'evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

"Section 2254(d) also determines which facts a federal court can consider." *Id.* "When assessing whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law,' 28 U.S.C. § 2254(d)(1), the reviewing court 'is limited to the record that was before the state court that adjudicated the claims on the merits [.]' " *Id.* (quoting *Cullen v. Pinholster,* 563 U.S. 170, 181, (2011)). "Because of this, a district court cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)." *Id.* (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 465 (6th Cir. 2012)). "That said, if a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits." *Id.* (citations omitted).

"If a habeas petitioner satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d), AEDPA deference no longer applies." *Id*. "Instead, the petitioner's claim is reviewed de novo as it would be on direct appeal." *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)). "The district court would also be free to expand the record, provided that the petitioner diligently attempted to present those facts in state court (or alternatively if [he] meets AEDPA's narrow exception for evidence of actual innocence)." *Id*. at 721–22 (citations omitted).

### III.     Discussion and Analysis

A.      Cognizability / Fundamental Fairness

As noted, Petitioner contends that the state trial court violated his due process rights by denying his motion to withdraw his plea hearing without holding an evidentiary hearing.  (Doc. 1, PageID # 6.)  More specifically, Petitioner appears to contend that a due process violation occurs when a defendant moves to withdraw a guilty plea because he allegedly relies on misinformation from counsel and a court fails to hold an evidentiary hearing. (*Id*.)

Respondent first contends that Petitioner's claim is not cognizable.  (Doc. 5, PageID # 302-04.)  The Undersigned agrees.  A criminal defendant does not have a constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.  *Armstrong v. Wainwright*, No. 19-3446, 2019 WL 5874623, at *2 (6th Cir. Oct. 8, 2019) (denying certificate of appealability for claim pertaining to a state trial court's failure to hold an evidentiary hearing; "[the petitioner] did not have a right to an evidentiary hearing with respect to his motion to withdraw his plea") (citing *Hines v. Miller* 318 F. 3d 157, 162 (2d Cir. 2003).  *See also Starkey v. Chillicothe Corr. Inst*., No. 2:16-cv-00525, 2017 WL 386834, at *3 (S.D. Ohio Jan. 27, 2017) ("The decision whether to hold a hearing on a motion to withdraw a guilty plea likewise does not present a claim

cognizable in habeas because "[a] criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.") (internal citation omitted), *report and recommendation adopted*, No. 2:16-cv-00525, 2017 WL 567942, (S.D. Ohio Feb. 13, 2017). Moreover, habeas corpus relief is only available to correct violations of federal law.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Therefore, to the extent Petitioner challenges the denial of his motion to withdraw his guilty plea under state law, that claim generally is not cognizable on federal habeas review.

Notwithstanding the foregoing, a petitioner alleging violations of state law can obtain habeas relief if the alleged violation of state law "resulted in the denial of fundamental fairness, thereby violating due process…." *Dillon v. Warden, Ross Corr. Inst.*, 541 F. App'x 599, 604-05 (6th Cir. 2013) (citations omitted).  Fundamental fairness under the Due Process Clause is compromised where "the action complained of . . . violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, . . . and which define the community's sense of fair play and decency." *Dowling v. United States*, 493 U.S. 342, 353 (1990) (internal citations and quotation marks omitted).  Courts, therefore, "have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (quotation marks omitted).  Because, for the reasons discussed below, the Undersigned is satisfied that Petitioner's guilty plea was constitutionally valid, the Undersigned necessarily concludes that Petitioner has not shown a denial of fundamental fairness.

B.      Merits

Petitioner asserts that "Ohio's adjudication of this issue resulted in a decision that was

contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 690

(1984); *Libretti v. United States*, 516 U.S. 29, 50–51 (2995) [*sic*]; and *Santobella v. New York*,

404 U.S. 257 (1971).  (Doc. 1, PageID # 19.)  Respondent asserts that the state court reasonably

determined that Petitioner's plea was voluntary, and that the state trial court's plea colloquy

rectified any misinformation that Petitioner's trial counsel may have conveyed to Petitioner.

(Doc. 5, PageID # 305–13.)  In addition, Respondent asserts that Petitioner's invocation of

*Santobello* and *Libretti* is misplaced.  (Id. at PageID # 314–15.)  The Undersigned agrees with

Respondent.

1.      Voluntariness of the Plea / Ineffective Assistance Under *Strickland*

Although Petitioner's sole ground for relief alleges a due process violation stemming

from the trial court's failure to hold an evidentiary hearing on Petitioner's motion to withdraw

his guilty pleas, (Doc. 1, PageID # 6), Petitioner also intimates in that ground that his trial

counsel made erroneous representations that constituted ineffective assistance of counsel under

*Strickland v. Washington* 466 U.S. 668 (1984), and that those erroneous representations rendered

Petitioner's guilty plea involuntary (*id*. PageID # 18-19).

Because a criminal defendant waives numerous constitutional rights when he enters a

guilty plea, any plea must be entered into knowingly and voluntarily in order to be

constitutionally valid.  *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).  " 'The standard was and

remains whether the plea represents a voluntary and intelligent choice among the alternative

courses of action open to the defendant.' "  *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.

1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (quoting *North*

*Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the reviewing court must consider the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

A prisoner may challenge the entry of a guilty plea on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). The two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Sparks*, 852 F.2d at 884. In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. In the instant case, it is immaterial whether there is a reasonable probability that, but for counsel's alleged errors, Petitioner would not have pleaded guilty because Petitioner has failed to demonstrate deficient performance sufficient to undermine the validity of his guilty plea.

An inaccurate prediction by defense counsel regarding the sentence an accused may receive does not constitute deficient performance under *Strickland*, nor render the accused's guilty plea invalid.

> It has long been settled as a general rule that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel

regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel. *See Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) (citing *Wellnitz v. Page*, 420 F.2d 935 (10th Cir. 1970)); *see also United States v. Marzgliano*, 588 F.2d 395, 399 n. 6 (3d Cir. 1978) (explaining different rule where allegation is that plea was based on misconduct or misrepresentation by defense counsel); *United States v. Valenciano*, 495 F.2d 585, 588 (3d Cir. 1974) (same). * * *

The rationale is that the Rule 11 colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the [] sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel. *See, e.g., United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) ("[A]n attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim.") (citation omitted); *Gonzalez v. United States*, 33 F.3d 1047, 1051-53 (9th Cir. 1994) ("The district court informed [defendant] of the maximum possible sentences and fines for the offenses to which he pleaded guilty. He responded affirmatively when asked if he was satisfied with [counsel]'s representation of him. As a result, [he] cannot claim he was prejudiced by [counsel]'s alleged gross error in calculating the sentencing guidelines range and likely sentence."); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) ("[Defendant]'s attorney's inaccurate prediction of what sentence [he] would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of his case, and thus does not constitute ineffective assistance of counsel…. Further, [defendant] suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court.") (citation omitted).

*Brown v. United States*, 75 F. Supp. 2d 345, 355 (D. New Jersey 1999). *See also Houston v. Phillips*, No. 20-6102, 2022 WL 3371349, at *4 (6th Cir. Aug. 16, 2022) ("An attorney's professional *prediction* that does not become reality is not necessarily deficient performance." (emphasis added) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012)). Petitioner's claim cannot prevail under the foregoing authority.

First, the record demonstrates that Petitioner's plea was voluntary. During a motion hearing on July 16, 2019, the trial court advised Petitioner that the charge in Count 1 carried eight years, that the charge in Count 2 took the sentence to sixteen years, and that the charge in Count 3 took the sentence to twenty-four years. (Doc. 4-1, PageID # 237.) In the change-of-plea

form that Petitioner signed on August 13, 2019, and that was filed on August 14, 2019, Petitioner acknowledged that the maximum sentence was twenty-four years, that he understood the nature of the charges and possible defenses, his satisfaction with counsel's advice and competence, that he was not under the influence of drugs or alcohol, and that no threats or promises were made except that the state would defer to the court at the time of sentencing and the defendant agreed to all forfeitures.  (Doc. 4, PageID # 98.)  In the August 14, 2019, Judgment Entry summarizing the plea change in open court, which included the trial court's colloquy with Petitioner, the trial court explained that Petitioner's sentences were being imposed consecutively to protect the public, to punish offender, and because of the seriousness of conduct; the trial court made no mention of the prosecution's statements countering defense counsel's representation that Petitioner's cooperation with law enforcement had led to the detention of a suspected offender. (Doc. 4, PageID # 100-03.)  Petitioner offers no evidence or arguments sufficient to rebut or undermine this demonstration of the voluntariness of his plea.

Nor does the record demonstrate that counsel was ineffective under *Strickland*. According to Petitioner's affidavit, counsel advised Petitioner "that there was a 99% percent chance" that Petitioner would be placed on probation if he pleaded guilty to the charges listed in the original indictment, and represented that there was an "overwhelming likelihood" that any period of incarceration imposed would not exceed sixty days in a local jail.  (Doc. 15-1, PageID 341.)  But as set forth above, an inaccurate prediction by defense counsel regarding the sentence an accused may receive does not constitute deficient performance under *Strickland*.  *See, e.g., Brown*, 75 F. Supp. 2d at 355.  There is no evidence in this case that counsel misunderstood, or gave Petitioner incorrect advice about, the charges or possible sentences, which can constitute ineffective assistance.  *See Warner v. United States*, 975 F.2d 1207, 1211 (6th Cir. 1992)

(finding that advice by counsel about sentence that was incorrect as a matter of law amounted to constitutionally deficient performance).  And there is no evidence that counsel believed or conveyed to Petitioner that there was an out-of-court agreement about the sentence Petitioner would receive, which can also constitute ineffective assistance. *Id*. (finding that misunderstanding by counsel about an agreement that was never conveyed to him by the government amounted to constitutionally deficient performance).

Petitioner asserts that Ohio's adjudication of this issue resulted in a decision that was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  (Doc. 1, PageID # 6.)  But Petitioner offers no reasoning or explanation for how the state appellate court contravened or unreasonably applied *Strickland*.  That is especially detrimental in the instant case because claims of ineffective assistance of counsel raised in habeas corpus enjoy "double deference."  As the Sixth Circuit has explained in this regard:

> With respect to how AEDPA's standard of review interacts with *Strickland*'s performance-and-prejudice test, the Supreme Court's decision in *Harrington v. Richter* is instructive:
>
>> Surmounting *Strickland*'s high bar is never an easy task…. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one….
>>
>> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* was § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so….  [T]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Fitzpatrick v. Robinson*, 723 F.3d 624, 634 (6th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).  As demonstrated above, the state trial court's entry denying Petitioner's motion to withdraw, and the state appellate court's decision affirming the trial court's denial of

motion to withdraw, were supported by the record. It cannot be said, therefore, that those decisions were unreasonable. And as noted throughout this opinion, AEDPA deference applies to this Court's review of the state court decisions about the validity of Petitioner's guilty plea. *See, e.g., Fitzpatrick*, 723 F.3d at 639.

Petitioner suggests that the statements he made and questions he answered in open court and under oath should be given less weight because of his allegation that he was following his attorney's instructions and under the reasonable reliance that doing so was in furtherance of an out-of-court agreement. (Appellate Brief, Doc. 4, PageID # 116-17, 126-28.) But nothing in the record supports the existence of an out-of-court or reasonably justifies Petitioner's <u>*assumption*</u> of such an agreement. As noted above, a criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Blackledge*, 431 U.S. at 74. In view of how fundamental the plea process is to the functioning of the criminal justice system, *id.* at 71 ("Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system."), statements made in open court and under oath are binding absent an extraordinary showing because they have to be. Any claim of ineffective assistance offered to undercut the validity of one's declarations under oath in open is further undermined by a sufficient plea colloquy. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) ("a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can *never constitute* an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy."). Petitioner does not offer sufficient reason to disregard the presumption of truthfulness accorded to the statements and answers he offered during his change-of-plea hearing.

2.    *Libretti* and *Santobello*

Petitioner's precise argument in the sole ground for relief is that the evidentiary materials

he presented in support of his motion to withdraw his guilty plea warranted a hearing, and that

the trial court violated his right to due process in refusing to hold a hearing.  (Doc. 1, PageID #

6.)  According to Petitioner, the Ohio Supreme Court's decision declining to accept jurisdiction

over Petitioner's appeal "resulted in a decision that was contrary to or an unreasonable

application of *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Libretti v. United States*, 516

U.S. 29, 50-51 (1995); and *Santobello v. New York*, 404 U.S. 257 (1971)."  (Doc. 1, PageID 19.)

But Petitioner fails to establish either a due process violation or an unreasonable application of

clearly established federal law within the meaning of 28 U.S.C. § 2254(d).

As the Court already noted in addressing whether Petitioner's claim is even cognizable,

where, as here, the record reflects a guilty plea that was knowing, intelligent, and voluntary,

federal courts have consistently rejected the argument that a state trial court's handling of a

motion to withdraw a guilty plea implicates federal constitutional rights.  In *Nicholson v. Larose*,

the district court held that "to the extent Nicholson claims he is entitled to relief because the trial

court erred under Ohio law in denying his motion to withdraw guilty plea without a hearing,

Nicholson raises a state law issue that is not cognizable in these federal habeas proceedings."

No. 1:13-cv-2535, 2015 WL 1757898, at *15 (N.D. Ohio Apr. 17, 2015) (citing *Xie v. Edwards*,

35 F.3d 567 (Table), 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994)).  The district court also

held that because the record demonstrated that the plea was knowing, intelligent, and voluntary,

Nicholson was not able to establish a violation of his federal constitutional rights.  *Id*. at *15-16;

*see also United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109-10 (2nd Cir. 1970) (holding

that the decision whether to permit a defendant to withdraw a guilty plea rests within the trial court's discretion, which does not generally provide a basis for habeas corpus relief); *Johnson v. Warden, Lebanon Corr. Inst.*, No. 1:12-cv-560, 2014 WL 935222, at *4 (S.D. Ohio Mar. 10, 2014) ("to the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law in denying his motion to withdraw his guilty plea, petitioner raises issues of state law only that are not cognizable in this federal habeas corpus proceeding.") (citations omitted); *Armstrong v. Wainwright*, No. 1:18-cv-1133, 2018 WL 8050904, at *13 (N.D. Ohio Dec. 20, 2018) (claim that the trial court violated due process rights when it failed to hold an evidentiary  hearing on a motion to withdraw guilty plea "is not cognizable because a defendant's right to an evidentiary hearing on a motion to withdraw guilty plea is an issue of state law; there is no constitutional right to a hearing on a motion to withdraw a guilty plea.") (citations omitted); *Dickey v. Warden, Lebanon Corr. Inst.*, No. 1:08-cv-819, 2010 WL 92510, at *7-8 (S.D. Ohio Jan. 6, 2010) (finding that the petitioner's claim alleging trial court error in denying his motion to withdraw his guilty plea did not implicate federal constitutional rights).

The Undersigned has already determined that Petitioner's guilty plea was constitutionally valid.  To the extent that Petitioner's real issue, boiled down, is with the state courts' reliance on and application of state law regarding the level of cogency necessary for evidentiary materials to be admissible and  to require an evidentiary hearing, the cases discussed above establish that it is not for federal courts in habeas corpus to pass judgment on state courts' application of

controlling state law.[1]  Thus, the trial court's refusal to conduct an evidentiary hearing on Petitioner's motion to withdraw his guilty plea does not support habeas corpus relief.

In view of the foregoing, Petitioner fails to establish that the state court's rejection of his sole habeas claim contravened or unreasonably applied clearly established federal law as determined by the Supreme Court or involved an unreasonable determination of facts based on the evidence presented.  As a preliminary matter, the Undersigned rejects Petitioner's argument that the Ohio Supreme Court's decision not to accept Petitioner's appeal let stand "a decision that was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Libretti v. United States*, 516 U.S. 29, 50-51 (1995); and *Santobello v. New York*, 404 U.S. 257 (1971)."  (Doc. 1, PageID # 19.)  The Undersigned has already considered and rejected any argument that Petitioner's trial counsel was ineffective under *Strickland*.  In *Libretti*, the Supreme Court stated, "[a]part from the small class of rights that require specific advice from

---

[1]  That certainly appears to have been a focus of the Ohio Supreme Court justices who dissented from the decision not to accept Petitioner's appeal.  Justice Donnelly stated, in an opinion in which Justice Stewart concurred:

> It is, of course, possible that Dunlap's claims would not have been borne out by the facts established during an evidentiary hearing.  But he does not deserve to have his claims dismissed out of hand with the usual bromides about relying on a "self-serving affidavit."  A defendant in this scenario is rarely ever going to have anything to back up a plea-withdrawal motion other than his own claims about what happened.  And only an evidentiary hearing will establish whether those claims are true.  As I stated in my dissenting opinion in *State v. Bozso*, __ Ohio St.3d __, 2020-Ohio-3779, __ N.E.3d __, "a defendant cannot be expected to make a record of the fact that he has been misinformed about a crucial issue at the time he is operating under that misinformation."  *Id*. at ¶ 44 (Donnelly, J., dissenting).  To say that a defendant's claims in support of withdrawing his plea do not warrant an evidentiary hearing because they are not already backed up by solid, admissible evidence puts the defendant in an impossible position and ensures that an evidentiary hearing is never warranted no matter how specific and convincing a defendant's claims might be.

(Doc. 1, PageID # 39-40.)

the court under Rule 11(c), it is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo[,]" and " '[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea.' " 516 U.S. at 50-51 (quoting *United States v. Broce*, 488 U.S. 563, 574 (1989)). *Santobello* addressed a state's failure to keep its commitment concerning the sentence recommendation on a guilty plea. 404 U.S. at 257-58. Petitioner does not demonstrate, and it is not otherwise apparent to the Undersigned, how either *Libretti* or *Santobello* even apply to Petitioner's case, much less how the Ohio Supreme Court's decision declining to review the denial of Petitioner's motion to withdraw his guilty plea contravened or unreasonably applied *Strickland*, *Libretti*, and *Santobello*.

As noted above, with respect to any claim that the state courts adjudicated on the merits, a federal court may not grant habeas corpus relief unless that decision contravened or unreasonably applied clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Court noted earlier, the Sixth Circuit has held that "[u]nder this deferential standard, we do not ask 'whether the state court's determination was incorrect, but rather whether fairminded jurists could disagree about whether the state court's decision conflicts with existing Supreme Court caselaw.' " *Allen v. Mitchell*, 953 F.3d 858, 863 (6th Cir. 2020) (quoting *Dewald v. Wriggelsworth*, 748 F.3d 295, 301 (6th Cir. 2014) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011))); *see also Chinn v. Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1105 (6th Cir. 2022) ("[T]he Supreme Court has admonished habeas courts not to 'treat[] the unreasonableness question as a test of its confidence in the result it would reach under *de*

*novo* review' and that 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.' " (quoting *Harrington*, 562 U.S. at 102).

Petitioner raised three assignments of error on appeal from the trial court's decision denying his motion to withdraw his guilty plea: (1) that the prosecution had reneged on the plea deal; (2) that the trial court abused its discretion in denying Petitioner's motion to withdraw his guilty plea; and (3) that the trial court erred in denying Petitioner's request for an evidentiary hearing on his motion to withdraw his guilty plea. (Doc. 4, PageID # 159-60.) The Court of Appeals for the Fifth Appellate District rejected all three and affirmed the trial court's decision. (Doc. 4, PageID # 157-67.) In urging the Supreme Court of Ohio to accept jurisdiction of his appeal from the court of appeals' decision, Petitioner raised a single proposition of law: A criminal defendant's Due Process rights are violated when a trial court fails to hold an evidentiary hearing when a motion to withdraw a guilty plea alleges facts which establish that his plea of guilty was entered in reliance on the erroneous representation of counsel, thereby rendering the plea involuntary. (*Id*. PageID # 174.) The Ohio Supreme Court declined to accept Petitioner's appeal without opinion, with two justices dissenting. (*Id*. PageID # 200; Doc. 1, PageID # 38-40.)

In assessing the reasonableness of the state court's adjudication, the relevant state court decision is the last state court to adjudicate the claim on them merits. *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006) (citations omitted). Here, that is the state appellate court's decision, since the Ohio Supreme Court declined to review Petitioner's claim without opinion. *See, e.g., Pudelski v. Wilson*, 576 F.3d 595, 607 (6th Cir. 2009) ("In this case, that is the Eighth District Court of Appeals' decision, because the Ohio Supreme Court declined to review Pudelski's claims without comment."). Because the sole claim that Petitioner presented to the Ohio

Supreme Court, and raises here, essentially combines the second and third assignments of error that Petitioner presented to the state court of appeals, the Undersigned will, out of an abundance of caution, construe the appellate court's decision on those two assignments of error as the adjudication of the merits of Petitioner's habeas claim.  The appellate court addressed those assignments as follows:

II.

In Appellant's Second Assignment of Error, Appellant argues the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea. Appellant contends the plea was entered involuntarily as Appellant reasonably relied on his former attorney's assurances that a guilty plea would result in a sentence more lenient than the sentence imposed.  We disagree.

Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

This Court's review of the trial court's ruling on a post-sentence motion to withdraw plea is "limited to a determination of whether the trial court abused its discretion." *State v. Wallace*, 5th Dist. Perry No. 18-CA00015, 2020-Ohio-565, ¶20. As an appellate court may not substitute its judgment for that of the trial court, a post-sentence withdrawal motion should only be granted in extraordinary cases. *Id*. Appellant has the burden of establishing a manifest injustice warranting the withdrawal of a guilty plea.  *Id*.

A manifest injustice may occur if counsel provides erroneous advice of counsel regarding the sentence to be imposed.  *State v. Radel*, 5th Dist. Stark No. 2009-CA-00021, 2009-Ohio-3543, ¶13.  Manifest injustice under Crim.R. 32.1 does not automatically result from trial counsel's erroneous advice or incorrect speculation regarding the sentence to be imposed.  *Id*.  "[A] defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made."  *Id*.  However, a guilty plea entered into because of a "counsel's representation, as opposed to counsel's likely prediction, that such a plea would result in a lesser sentence than the sentence actually received" the trial court must permit post-sentence withdrawal of a guilty plea to prevent manifest injustice. *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016, 1020 (6th Dist. 1984).

In *Blatnik*, the record indicated the defendant pled guilty and was then sentenced. *Id*. at 204. The defendant does not assert any plea arrangement had been made concerning the length of his sentence. *Id*. The defendant also does not assert his counsel represented to him a sentence the state had promised. *Id*. The defendant only asserts counsel speculated, incorrectly, on the length of the sentence. *Id*. The Sixth District Court of Appeals found "[a]ccording to the overwhelming weight of authority, this bare assertion does not, in and of itself, constitute manifest injustice." *Id*.

In this case, Appellant asserts trial counsel predicted a 99% likelihood he would be placed on probation and that any period of incarceration would not exceed sixty days of jail time. Appellant contends these assurances by trial counsel led Appellant to believe an arrangement had been made with respect to his sentence. However, nothing in the record shows that trial counsel told Appellant an agreement regarding sentencing had been reached, nor did trial counsel say with a certainty that a specific sentence would occur. Trial counsel merely predicted, albeit inaccurately, what he thought the sentence might be.

Appellant also asserts his trial counsel informed him the day before sentencing he conversed with the sentencing judge who commented about counsel being pleased that the case was concluding in the manner that he hoped it would. However, no representation from the trial counsel to Appellant that an agreement to the length of sentencing had been made, only inaccurate speculation by the trial counsel that due to the trial court's comments the sentencing would be more lenient than that imposed.

Therefore, according to the overwhelming weight of authority, the bare assertion of the attorney's prediction of the sentence does not, in and of itself, constitute manifest injustice.

Appellant's Second Assignment of Error is overruled.

III.

In the Appellant's Third Assignment of Error, Appellant argues the trial court erred in denying Appellant's request for an evidentiary hearing on his motion to withdraw his guilty plea. We disagree.

As noted above, Crim.R. 32.1 states:
> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Though Crim.R. 32.1 does not expressly require an evidentiary hearing, a hearing is only required if the facts alleged in the motion are accepted as true by

the trial court, and those facts would require that the plea be withdrawn.  *State v. Smith*, 1st Dist. Hamilton No. C-180081, 2019-Ohio-3642, ¶34.  The decision to hold a hearing is discretionary and may be reversed only if the court abused its discretion.  *Id*.  In *Smith*, the defendant, as well as his attorney, submitted affidavits demonstrating that, because of defendant's counsel's drug addiction, he was incapable of functioning as counsel under the Sixth Amendment.  *Id*. at ¶42.

The defendant must support the allegations made in their motion to withdraw a guilty plea with affidavits and/or the record.  *State v. Hutchinson*, 5th Dist. No. 16-CA-108, 2018-Ohio-200, 104 N.E.3d 91, ¶43.  The defendant is "not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief."  *Id*.  The defendant must present evidence which meets a minimum level of cogency to support his or her motion.  *Id*.

In *Hutchinson*, on October 18, 2016, the defendant pleaded guilty to: felonious assault of a police officer and the second accompanying firearm specification; improper handling of a firearm in a motor vehicle; violation of a protection order; forgery; and possession of criminal tools.  *Id*. at ¶19.  Appellant entered an Alford plea to Count II, which was amended to attempted felonious assault and the accompanying firearm specification.  *Id*.

Between October 31, 2016, and November 15, 2016, the defendant filed a series of motions to withdraw his guilty plea, arguing he blacked out and had no memory of telling his trial counsel he agreed to the plea agreement.  *Id*. at ¶20-21.

Appellee responded to these motion[s] on November 3, 2016, and November 17, 2016.  *Id*. at ¶21-22.

On November 29, 2016, the trial court entered a "Decision and Order Denying Defendant's Motions to Withdraw Guilty Pleas."  *Id*. at ¶24.

This Court held a petitioner's self-serving affidavit does not meet the minimum level of cogency.  *Id*. at ¶43.  "[A] trial court may assess the credibility of a movant's assertions."  *Id*. at ¶44.

In this case, Appellant submitted a self-serving affidavit, as well as a recorded telephone conversation allegedly between Appellant's trial counsel and "John," an acquaintance of the Appellant, with no accompanying authentication.

Ohio Evid.R. 901 states:

(A)  General Provision:  The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

22

The recording of the telephone conversation was not accompanied by any authentication, making it inadmissible under Ohio Evid.R. 901 and not "evidentiary-quality material." As such, the only remaining affidavit is Appellant's self-serving affidavit, which does not meet the minimum level of cogency to support Appellant's claims of manifest injustice.

Appellant's Third Assignment of Error is overruled.

(Doc. 4, PageID # 162-67.)

The Sixth Circuit's definition of "reasonableness," combined with the added difficulty of establishing unreasonableness where, as here, the trial court's decisions not to hold a hearing and to deny Petitioner's motion to withdraw his guilty plea were reviewed not *de novo*, but for abuse of discretion, foreclose relief on Petitioner's claim. Beyond that, the state appellate court's factual determinations, such as exactly what counsel said to Petitioner and what he did not, were supported by the record that this Court reviewed. And the appellate court's legal reasoning was consistent with the Undersigned's determinations, as a matter of federal constitutional law, that Petitioner's plea was knowing, intelligent, and voluntary, and that trial counsel was not constitutionally ineffective. That being so, the Undersigned does not find the state court of appeals' decision rejecting Petitioner's claim unreasonable.

## IV.    Recommended Disposition and COA Determination

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a District Court must consider whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make

such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a

claim has been denied on procedural grounds, a COA may be issued if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *Id.*

      Because no reasonable jurist would disagree with this conclusion, the Undersigned

**RECOMMENDS** that Petitioner should not be granted a certificate of appealability.  *Miller-El*

*v. Cockrell*, 537 U.S. 322, 336 (2003); *Moody v. United States*, 958 F.3d 485, 488 (6th Cir.

2020).

### Procedure on Objections

      If any party objects to this *Report and Recommendation*, that party may, within fourteen

days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the report or specified proposed findings or recommendations to which

objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C.

636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Judge adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE