## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **KYLE DUNLAP,** | : |
| | : |
| **Petitioner,** | : |
| | : **Case No. 2:21-cv-05849** |
| **v.** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| **WARDEN, BELMONT** | : |
| **CORRECTIONAL INSTITUTION,** | : **Magistrate Judge Elizabeth P. Deavers** |
| | : |
| **Respondent.** | : |

## OPINION & ORDER

On December 20, 2021, Petitioner Kyle Dunlap filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Now before this Court are the Magistrate Judge's Report and Recommendations ("R&R," ECF No. 21), as well as Petitioner's Objections to the Magistrate Judge's R&R (ECF No. 26). For the reasons set forth below, the Magistrate Judge's R&R (ECF No. 21) is **ADOPTED**. Accordingly, Petitioner's Objections (ECF No. 26) are **OVERRULED**, his Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**, and this action is **DISMISSED**.

## I.  BACKGROUND

Petitioner Kyle Dunlap is an inmate at Belmont Correctional Institution. (ECF No. 21 at 1). On October 4, 2018, Petitioner was indicted by a grand jury in the Court of Common Pleas for Licking County, Ohio. (*Id.*). In that indictment ("the original indictment"), Petitioner was charged with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of Ohio Revised Code § 2925.041(A)(C), and two counts of the illegal manufacture of drugs or illegal cultivation of marijuana in violation of Ohio Revised Code § 2925.04(A)(C)(5)(e). (*Id.* at 1-2). Petitioner pled not guilty to these charges on October 23, 2018. (*Id.* at 2). On April 17,

2019, Petitioner was charged in a superseding indictment with seven counts, including various charges of drug violations. (*Id.*). After negotiating a plea agreement, the Petitioner agreed to plead guilty to the three counts in the original indictment in exchange for the prosecution dismissing the superseding indictment. (*Id.* at 2-3). On August 13, 2019, Petitioner pled guilty to the original indictment and after accepting the plea, the trial court sentenced him to an eight-year mandatory prison term. (*Id.* at 3).

Following his sentence, Petitioner filed a motion to withdraw his guilty plea. (*Id.*). In a supporting affidavit attached to his motion, Petitioner asserted that his trial counsel assured him that it was overwhelmingly likely that he would receive probation if he pled guilty to the original indictment. (*Id.*). Specifically, Petitioner's trial counsel claimed a 99% likelihood of probation and if any period of incarceration was prescribed, it would not exceed sixty days of local jail time. (*Id.*). Furthermore, Petitioner was told by his trial counsel that the trial judge had remarked that the counselor must have been pleased that the case was resolving in the manner he had hoped. (*Id.*). Petitioner entered his guilty plea based on these inaccurate representations, which he argues amounted to ineffective assistance of counsel, rendering his plea involuntary. (*Id.* at 4).

On February 25, 2020, the trial court denied Petitioner's motion to withdraw his plea without holding an evidentiary hearing. (*Id.*). The Court of Appeals for the Fifth Appellate District affirmed the trial court's decision and the Supreme Court of Ohio declined to accept jurisdiction

over Petitioner's appeal on January 27, 2021.[1] (*Id.*). On December 20, 2021, Petitioner sought the writ of habeas corpus that is presently before this Court. (*Id.* at 5).

## II.    STANDARD OF REVIEW

The standard for petitions of habeas corpus by state prisoners brought under 28 U.S.C. § 2254 stems from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Stermer v. Warren,* 959 F.3d 704, 720 (6th Cir. 2020). Under AEDPA, a habeas petitioner must exhaust her claims in state court before requesting relief from a federal court. *Id.* (citing 28 U.S.C. § 2254(b)(1)). If the state court decided the claim on its merits, then that decision is subject to significant deference. *Id.* (citations omitted).

"For a federal court to grant relief in such a case, the state court's decision must have been '(1) …contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) …based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at

---

[1] Although the Ohio Supreme Court ultimately declined to accept jurisdiction over Petitioner's appeal, three Justices dissented, raising an issue with the applicable state law surrounding the level of cogency necessary for evidentiary materials to be admissible and to require an evidentiary hearing. As Justice Donnelly stated:

> It is, of course, possible that Dunlap's claims would not have been borne out by the facts established during an evidentiary hearing. But he does not deserve to have his claims dismissed out of hand with the usual bromides about relying on a "self-serving affidavit." A defendant in this scenario is rarely ever going to have anything to back up a plea-withdrawal motion other than his own claims about what happened. And only an evidentiary hearing will establish whether those claims are true. As I stated in my dissenting opinion in *State v. Bozso*, __ Ohio St.3d __, 2020-Ohio-3779, __ N.E.3d __, "a defendant cannot be expected to make a record of the fact that he has been misinformed about a crucial issue at the time he is operating under that misinformation." *Id.* at ¶ 44 (Donnelly, J., dissenting). To say that a defendant's claims in support of withdrawing his plea do not warrant an evidentiary hearing because they are not already backed up by solid, admissible evidence puts the defendant in an impossible position and ensures that an evidentiary hearing is never warranted no matter how specific and convincing a defendant's claims might be.

*State v. Dunlap*, 2020-1287, 161 Ohio St.3d 1416 (Ohio S. Ct. 2021).

720-21 (quoting 28 U.S.C. § 2254(d)). As long as fair-minded jurists could not disagree on the correctness of the state court's decision that a claim lacks merit, federal habeas relief is precluded. *Id.* at 721.

Moreover, a federal court is limited to the record that was before the state court that adjudicated the claim on its merits when assessing whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). This precludes a district court from using a federal evidentiary hearing to supplement the record when assessing a habeas petition. *Id.* (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 465 (6th Cir. 2012)). However, "if a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits." *Id.* (citations omitted). If the requirements of § 2254(d) are satisfied, or if the habeas claim was never adjudicated on the merits by a state court, AEDPA deference no longer applies, and the claim is reviewed *de novo*. *Id.* (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c).  After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## III.    LAW AND ANALYSIS

### A.  Cognizability

Petitioner is requesting this Court for federal habeas relief, claiming that his constitutional

rights were violated when the Court of Common Pleas for Licking County denied his motion to withdraw his plea without holding an evidentiary hearing. (ECF No. 21 at 7). Specifically, Petitioner argues that due process is violated when a defendant moves to withdraw a guilty plea because he relied on misinformation from counsel and a court fails to hold an evidentiary hearing. (*Id.*). In the Magistrate Judge's R&R, she notes that such a claim is not cognizable in federal courts. (*Id.*). This Court agrees.

The case law cited in the R&R illustrates the consistent rule that a criminal defendant does not have a constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea. *Armstrong v. Wainwright*, No. 19- 3446, 2019 WL 5874623, at *2 (6th Cir. Oct. 8, 2019) (citing *Hines v. Miller* 318 F. 3d 157, 162 (2d Cir. 2003); *Starkey v. Chillicothe Corr. Inst*., No. 2:16-cv-00525, 2017 WL 386834, at *3 (S.D. Ohio Jan. 27, 2017) ("The decision whether to hold a hearing on a motion to withdraw a guilty plea likewise does not present a claim cognizable in habeas because "[a] criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.") (internal citation omitted), *report and recommendation adopted*, No. 2:16-cv-00525, 2017 WL 567942, (S.D. Ohio Feb. 13, 2017). Because habeas relief is only available to correct violations of federal law, a district court may not reexamine a state court's determination of state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This Court declines Petitioner's invitation to disturb the state courts' determinations on a state law issue.

### B. Fundamental Fairness

Despite the general rule preventing federal habeas relief to correct violations of state law, relief can be obtained if the alleged violation of state law "resulted in the denial of fundamental fairness, thereby violating due process…." *Dillon v. Warden, Ross Corr. Inst.*, 541 F. App'x 599, 604-05 (6th Cir. 2013) (citations omitted). Infractions that violate fundamental fairness must

"'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (quoting *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)). Accordingly, courts have construed such violations "very narrowly." *Id.* As discussed in the Magistrate Judge's R&R and as set forth below, this Court finds that Petitioner has not shown a denial of fundamental fairness.

## C. Merits

In Petitioner's Objections to the Magistrate Judge's R&R, Petitioner argues that the trial court and state appellate court "did not review this matter applying the *Strickland v. Washington* standards." (ECF No. 26 at 4). Petitioner argues that his trial counsel made erroneous representations that constituted ineffective assistance of counsel under *Strickland v. Washington* 466 U.S. 668 (1984), and that those erroneous representations rendered Petitioner's plea involuntary. (ECF No. 21 at 9). Because the trial court failed to hold an evidentiary hearing on Petitioner's motion to withdraw his allegedly involuntary guilty plea, he requests federal habeas relief from this Court presently. As discussed in the Magistrate Judge's R&R, this Court is satisfied that Petitioner's guilty plea was constitutionally valid, and that the state appellate court's determination that there was no manifest injustice committed by the trial court in denying Petitioner's motion without an evidentiary hearing was reasonable. Accordingly, this Court declines to afford Petitioner federal habeas relief.

### 1. *Voluntariness of Plea and Ineffective Assistance Under Strickland*

Because a criminal defendant waives numerous constitutional rights when he enters a guilty plea, any plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). A criminal defendant's declaration of guilt carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A prisoner

may challenge the entry of a guilty plea on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). As the Magistrate Judge in her R&R and Petitioner in his Objections both correctly identify, *Strickland v. Washington* sets forth a two-part test to determine claims of ineffective assistance of counsel in the context of plea bargains. (ECF Nos. 21 at 10; 26 at 4-5). First, it must be demonstrated that counsel's advice was not within the range of competence demanded by criminal-defense attorneys. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In the present case, Petitioner has failed to satisfy the first prong of the *Strickland* test so it is immaterial whether he would not have pled guilty but for his counsel's alleged error.

The general rule is that an earlier, erroneous prediction or assurance by defense counsel about a likely sentence does not amount to ineffective assistance of counsel when an adequate guilty plea hearing has occurred. *Brown v. United States*, 75 F. Supp. 2d 345, 355 (D.N.J. 1999). *See also Houston v. Phillips*, No. 20-6102, 2022 WL 3371349, at *4 (6th Cir. Aug. 16, 2022) ("An attorney's professional *prediction* that does not become reality is not necessarily deficient performance." (emphasis added) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012)). As the Magistrate Judge highlighted, the record clearly demonstrates that Petitioner's plea was voluntary and the trial court's colloquy with Petitioner during sentencing cured any misunderstanding presented to him by his trial counsel. (ECF No. 21 at 11-12). Petitioner has failed to present any evidence or arguments that rebut the record's demonstration of the voluntariness of his plea. Moreover, there is nothing in the record that supports the Petitioner's assumption that an out-of-court agreement existed.  Because a sufficient plea colloquy was conducted, Petitioner stated on

the record he understood the consequences of his plea, and an inaccurate prediction by defense counsel about a potential sentence does not amount to deficient performance under *Strickland*, Petitioner's claim fails to show that the state court contravened or unreasonably applied Federal law. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) ("a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can *never constitute* an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy."). In light of the foregoing and considering the high deference afforded to state courts' decisions under AEDPA, this Court rejects Petition's arguments.

### 2. Manifest Injustice

Petitioner objects to the state appellate court's use of the standard of "manifest injustice" in arguing that the state court's decision was contrary to clearly established Federal law. (ECF No. 26 at 7). He argues that the appellate court failed to apply the correct standard as set forth in *Strickland*. (*Id.*). Notwithstanding the foregoing analysis that Petitioner failed to satisfy *Strickland*'s two-part test, the Magistrate Judge's R&R still considered whether the state appellate court's decision was based upon an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" in deciding the Petitioner's request for federal habeas relief. 28 U.S.C. § 2254(d)(2). This Court joins the Magistrate Judge in rejecting Petitioner's argument that the state appellate court's adjudication of Petitioner's claim was unreasonable.

Contrary to Petitioner's objections, the standard applied by the appellate court was an abuse of discretion while the burden was on Petitioner to demonstrate a manifest injustice that warranted the withdrawal of his guilty plea. (ECF No. 21 at 20). After finding no abuse of discretion by the

trial court in denying Petitioner his motion without an evidentiary hearing, the appellate court dismissed Petitioner's appeal for the same reasons set forth by the Magistrate Judge (i.e., Petitioner's plea was voluntary and not a result of ineffective assistance of counsel). (*Id.* at 21-22). As discussed initially in the R&R, it is not the province of a federal habeas court to substitute its judgment for that of a state court on state law issues. (*Id.* at 8). Because of this, the Magistrate Judge refused to find the state appellate court's adjudication of Petitioner's claim unreasonable. This Court is satisfied with the Magistrate Judge's analysis of this issue and finds that Petitioner's Objections are **OVERRULED**.

## IV.    CONCLUSION

Having considered the Petitioner's arguments for federal habeas relief, the Magistrate Judge's R&R analyzing this request, and Petitioner's subsequent objections to the R&R, this Court finds Petitioner's request for habeas relief is without merit. Accordingly, the Magistrate Judge's R&R (ECF. No. 21) is hereby **ADOPTED**, Petitioner's Objections (ECF No. 26) are **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**. This case is **DISMISSED**.  Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  May 9, 2024**